The next case is Chris H. v. State of New York. Morning, Your Honor. Good morning. May I have a little bit more time? We set the argument down for five minutes. We try and look at the briefs and see how long it will take. Sometimes it takes longer. We could have, if you need a little more time, we'll go to seven minutes. Yeah, just a little bit more time. And if we have questions that go additional over that, we'll see. Sure. Okay. Do you want to preserve some time for rebuttal? Yes, I do. About two or three minutes. Okay. Which one would you like? Two minutes, Your Honor. Two minutes. So we'll set it for five as your opening argument. Okay. On August 30th . . . Please speak right into the mic. Sure. My apologies. Okay. On August 30th, 2016, I filed my first complaint against the State of New York, against Judge Dawson and others, because I accused them basically of stealing my apartment. And that case is still ongoing. On March 1st of 2017, I presented my argument before this court, and the case was remanded back. On 12th of April, just two weeks later, I was arrested and put in jail. I was poke prod. I was . . . Anyway, it's as fed to my brief. My argument is very simply this. I am now a convicted felon, and I argued that Judge Dawson should have been recused from my case once I filed my complaint and once I have argued before this court. No person is above the law. Obviously, U.S. versus Nixon. And then this court argued in Singleton versus the City of New York that there's a remedy if a violation of my rights before the court. So I'm under the jurisdiction of either this court, which is district court, or state court. In either case, the first prong of Title 42 is I'm under the color of law. So the next question before them is the recusal. On the 24th of October of this year, the New York State Court of Appeals, in a matter of People versus Brian Novak, the unanimous decision from Justice Feinman, DeFore, River, Stein, Fahey, Garcia, and Wilson says recusal is automatic under New York State. It says it's a constitutional matter on page 5. And they refer to it as says, a judge shall not sit in such to take part in any decision, action, claims, matter, motions within six degrees of separation. That's 22 NYCRR 102. They further went on and said that a judge shall avoid impropriety, an appearance of impropriety, in any matters.  If I may, our problem isn't with the merits of your case, as to which we really have nothing to say. Our merit problem is whether we have jurisdiction when you are suing the state or its individual members in their official capacity. Because then, the 11th Amendment gives them immunity from suit in federal court. So the question on that isn't whether you have, whether you were maltreated, whether any of those, it's whether we are the place that can do anything about it, or whether it is state court that is. And similarly, when you are suing a judge, a judge who has jurisdiction is totally immune. It doesn't mean that you couldn't sue the jailers who did you harm in their individual capacity, whom you say did you harm under 1983. That you could do. The question isn't whether you were maltreated. The question is whether you have stated something that we can do anything about. Okay. Your Honor, in Justice Scalia, in the case of Miralist v. Waco, he argued that there are two conditions in which you can sue a judge. First, a judge is not immune from liability for non-judicial actions. And second, a judge is not immune from actions, though judicial in nature, is taken in complete absence of jurisdiction. Based on Bryan v. Noback, she has complete absence of jurisdiction because she violated the rule itself of the court, which does not give her immunity at all. So she... What rule she violated? Well, it's 22... Didn't she hold you in contempt? Your Honor, that's the merits of the question, is whether or not all of this should have taken place. What is the action that you're saying that she did that was extra-judicial, outside her function as a judge? She should not hold any proceedings whatsoever, as long as I am suing her within any court, whether federal or local. Once I am before her, she should not be within six degrees, according to Bryan v. Noback, of my case. So as soon as I file the complaint that argued before this court, that's an automatic recusal. Your argument that she was required to recuse? Absolutely, Your Honor. So the argument is because she was required to recuse, she lacked jurisdiction? Correct. She lacked jurisdiction. Therefore, the only other jurisdiction left is this court, because my case is still before this court. Is there any case that says that a judge that ought to have recused herself or himself has no jurisdiction? That is, it isn't quite the same thing. To say a judge should not have sat because they should have recused doesn't mean that the judge doesn't have jurisdiction. And I'm worried because I think that, in fact, the practice has been that a judge who should have recused still has some jurisdiction, so we come back to the problem of immunity. Your Honor, in Harris v. Harvey, 605F, the jury concluded that Harvey, the judge, was not eligible for judicial immunity for those actions, even though the judge acted within normal duties, is without, as they say, outside the jurisdiction, because if automatic recusal is the foundation, then anything you do from that point, you don't have jurisdiction. In fact, further, in Estate v. Pusey and Peeper v. Mangusill, it says, the judicial arm that lacks jurisdiction must be lobbed off because it violates the due process rights of any individual. Therefore, if you had sent me to jail for 100 years and the courts decide to review the case again, you have to come back to the question, was any of the proceedings past the point of automatic refusal, lawful or within jurisdiction? And as you know, jurisdiction cannot be decided by any judge. It has to be decided on the record. The record is, I came before this court. I testified. It was remanded back to the lower court. So since state court says she does not have jurisdiction over Bryan v. Novak, then the only other jurisdiction left is this court. And since my case is still before the court, I'll be back in a couple months, I'm still under the jurisdiction of this court. We'll hear from your adversary. And you've reserved two minutes for rebuttal. May it please the Court. Mark Grube for the State of New York and Justice Dawson. The district court correctly concluded that the 11th Amendment and judicial immunity bar plaintiff's claims which seek monetary relief, allegedly resulting from plaintiff's matrimonial court proceeding. The 11th Amendment bars claims against the state and its employees acting in their official capacity for monetary damages, which is all that plaintiffs seek. Plaintiff identifies no waivers or abrogation of sovereign immunity that apply here. With respect to his claims against Justice Dawson in her individual capacity, those claims are barred by judicial immunity. All of the acts that are alleged in the complaint are judicial acts. The court looks at whether there are actions involving an individual proceeding or more administrative acts such as firing an employee, a court employee or something like that. Here the acts fall along the lines of an individual proceeding. With respect to Justice Dawson's jurisdiction, jurisdiction is construed broadly for immunity purposes. I understand the argument that Mr. Sale makes is that where a judge should have recused themselves, that that deprives that judge of jurisdiction totally and enough for purposes of no immunity. That's the thrust of his argument and he makes that with the ability that suggests to me he should go to law school. That's the point of the argument, so that's the one that I'd like you to address. Yes, and the case law cited in our brief holds that recusal is immaterial to the question of jurisdiction for immunity purposes. If the judge has a constitutional obligation to recuse, the plaintiff can appeal to higher state courts and up to the United States Supreme Court. And the United States Supreme Court precedent demonstrates that it is willing to step in when state court judges have exceeded their bounds in the cap pertaining case. But that doesn't go to jurisdiction. But that doesn't go to jurisdiction, correct. And in addition, just correct me if I'm wrong on the facts, but I thought here that the facts of which he is complaining as to which the assertion is made by the defense that he is subject to, that the judge is immune, occurred prior to the motion to recuse. Yes, if you review the transcript of the contempt hearing, it appears that he had filed the recusal motion with the clerk's office, but that it was not before Justice Dawson at the time of the contempt proceeding. And that if he had filed it by order to show cause, as Justice Dawson informed him, then it would have been directly before her at the time. But because he filed it by motion, it had not reached her court at the time of the contempt hearing. Are there any cases or any situations in which recusal is so mandatory that a judge might not have jurisdiction? For instance, if it is asserted and not controverted that the judge was a party in the case and therefore ought to recuse themselves, would that deprive the judge of jurisdiction? I'm not aware of any cases holding that that goes to jurisdiction rather than it goes to grounds for reversal. Even if the judge is a party, and so recusal is absolutely clear, that doesn't deprive the judge of jurisdiction. It's a matter of the merits. That's correct, as well as judicial ethics. There are other grounds for complaining about a judge's conduct as well. The judge had a strong financial interest in the outcome. Right. The judge should have recused, but the relief would be to take an appeal and get the decision reversed on appeal. Right, and that's the case with the West Virginia Supreme Court and the justice who had the large financial contributions and who was required to recuse. Unless there are any other questions, we ask that you affirm the judgment of the district court. I did file a recusal motion before the judge prior to this, and I also filed a recusal before this court because at the time the question was which jurisdiction did I have. I totally understood this. I wrote a letter to Judge Abrams stating the fact that the state was going to argue People v. Moreno as their paramount case of why judges should not be recused. But in the Bragg v. Novak case made it very clear that is not the standard that's used. The goal is that I am required under law constitutionally to have an impartial jurist. In fact, Justice Scalia made a comment about flag burning and prayer in school, and he recused himself from every case relating to that. Justice Kagan on the bench recused herself from 30 cases because she operated under the Obama administration. If I was arguing before the Supreme Court, Justice Neal is one of my undergraduate classmates. He would have to recuse himself from the case whether he knows me personally or through second or third degree. The point is, Your Honor, the goal is that constitutionally I am required to have an impartial jurist. That means you cannot have jurisdiction over me while there's a pending process. And the Bryan v. Novak made it very clear. In fact, in my letter, which is part of the record, I wrote to Judge Sessions, they're going to use People v. Moreno. And I was so happy because I was following the Bryan case. And I'm so glad that it happened on the 24th of October, two weeks before Justice Abrams made her decision. Which means if she at least references that the state have argued this and come to a unanimous decision, that would mean six judges over here on my side, Justice Scalia, Justice Kagan, Justice Kennedy, all over here looking to you guys and says this is an automatic recusal. It would not lift up to you guys. So what I'm asking is this very simply. I've already won this case under Bryan v. Novak v. the state. In order for me to lose this, you'd have to take it away from me by saying that does not apply. Then you'd have to go to Merlis v. Waco, which Justice Scalia clearly says. If you're absence of jurisdiction, you can sue a judge. He made it very clear. It was a five to four. I think Thomas also agreed with him. You cannot have an air of question for judges. So even on the Constitution, there is no rule for recusal. And they've said that. But it just makes sense from a public perspective. Step away from the case. Allow me to have my due process. So that's a violation of due process. Second, when I was in court, I went directly from the court to prison. I was never given a chance to appeal a case. I was never given an opportunity. On page four of the same Bryan ruling, it says an impartial appeal process is inviolate. People versus, it's part of my thing. So basically, in the same ruling of Bryan v. Novak, what they're saying is I'm entitled to due process, I'm entitled to an impartial jurisdiction, and I'm entitled to appeal, none of which happened. The mere fact I argued on March 1st before this court, that's it. Recusal. Anything beyond that is void. Thank you very much for your arguments. Well argued on both sides. We have the briefs, and we will take the matter under submission.